**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crestwood Capital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Andes Industries, Inc.,<br><br>Defendant. | No. CV-15-00600-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss or in the Alternative Join Required Parties (Doc. 18), Defendant's Memorandum in Support of Its Motion to Dismiss or in the Alternative Add Required Parties (Doc. 19), Plaintiff's Response in Opposition to Motion to Dismiss or in the Alternative Join Required Parties (Doc. 21), and Defendant's Reply in Support of Its Motion to Dismiss or in the Alternative Join Required Parties (Doc. 22).

On October 14, 2015, the Court heard oral argument on Defendant's motion and took it under advisement pending completion of jurisdictional discovery. (Doc. 25.) The Court ordered the parties to file a joint proposal regarding the jurisdictional discovery by October 28, 2015.  Upon reconsideration, the Court will vacate the order regarding jurisdictional discovery and deny the Motion to Dismiss as presented.  In the course of general discovery, if Defendant obtains evidence to join Chen-Sun Lan in this lawsuit through a similar or different motion, it may do so at that time.

## I. BACKGROUND

On April 3, 2015, Plaintiff initiated this lawsuit claiming breach of contract under a Promissory Note dated December 20, 2009 ("the Note"). Plaintiff alleged that under the Note Defendant promised to pay Cheng-Sun Lan the principal sum of US $3,000,000.00 plus interest and that Defendant has failed to pay all amounts due under the Note. Plaintiff further alleged that Lan fully performed under the Note and that on or about April 1, 2015, Lan "indorsed, assigned, contributed, and transferred" to Plaintiff all his rights, title, and interest in and to the Note, "including but not limited to all claims arising therefrom and all rights to enforce the [] Note and to recover and collect all amounts due under or arising from enforcement of the [] Note."

Defendant contends that if Lan assigned the Note to Plaintiff, he did so to avoid Defendant's claim for offset against the Note in a lawsuit filed by Defendant on March 18, 2014, in the U.S. District Court for the District of Nevada. Defendant has been unsuccessful in serving process on Lan in Taiwan although it has served two entities allegedly controlled by Lan. Defendant contends that if Lan is not a party in this lawsuit, Defendant may be found liable for repayment of the debt memorialized by the Note in the present lawsuit without opportunity for offset, and it may be unable to obtain a judgment against Lan in the Nevada lawsuit because it has been unable to serve him. In other words, Lan's absence in both cases precludes Defendant from any recovery on its claims against Lan.[1]

Therefore, Defendant contends that Lan is a necessary and indispensable party, it is not feasible for Plaintiff to add Lan to this lawsuit, and the case should be dismissed under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a party

---

[1] Defendant also has filed in this Court a lawsuit against two entities allegedly controlled by Lan, alleging the same claims as those alleged in the Nevada case. *See Andes Indus., Inc. v. EZconn Corp.*, CV-15-01810-PHX-NVW.

- 2 -

under Rule 19.  Alternatively, Defendant asks that Plaintiff be required to add Lan to this lawsuit.

## II.     LEGAL STANDARD

Under Rule 19, the Court must determine:

> (1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is indispensable such that in "equity and good conscience" the suit should be dismissed.

*Dawavendewa v. Salt River Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002).  "The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application."  *Id.* at 1154.

To determine whether the absent party is necessary to the action, the Court must decide whether (A) complete relief is possible among those already parties to the action or (B) the absent party has a legally protected interest in the action that will (1) be impaired or impeded by the action or (2) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of the absent party's interest.  *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990); Fed. R. Civ. P. 19(a).

## III.    ANALYSIS

### A.     Complete Relief Is Possible Among the Existing Parties.

Defendant contends that complete relief requires joinder of Lan, but Defendant actually means that it cannot obtain relief on its claims against Lan without Lan in this lawsuit because it cannot serve Lan in the Nevada lawsuit.  Among the existing parties *in this lawsuit*, however, it is possible to accord complete relief.

In order to prevail in this lawsuit, Plaintiff must prove, among other things, that it has the right to enforce the Note executed by Lan and Defendant.  Lan's absence in this lawsuit does not prevent Defendant from showing that Plaintiff does not have the right to enforce the Note or from proving any other defenses.

### B. Defendant Will Not Be Subject to Inconsistent Obligations Because of Lan's Interest in the Note.

Defendant can be found liable to Plaintiff for breach of contract only if Plaintiff proves that Lan assigned his interest in the Note to Plaintiff. The evidence establishing Plaintiff's right to enforce the Note would disprove Lan's right to subsequently enforce the Note against Defendant. Moreover, either Lan or Plaintiff is the current holder of the original Note. Plaintiff may be obligated to pay Lan or Plaintiff, but not both.

## IV. CONCLUSION

The Federal Rules of Civil Procedure do not require that Lan be joined as a party in this case to protect Defendant's possible offset against its debt based on unliquidated claims against Lan. After obtaining some discovery, Defendant may be able to show that Lan, not Crestwood, is the real party in interest. Or it may be able to join Lan as a counterdefendant in this case or add Lan as a defendant in CV-15-01810-PHX-NVW. Meanwhile, this case should proceed in the normal course.

IT IS THEREFORE ORDERED that the October 14, 2015 order on the record that the parties submit a joint proposal regarding jurisdictional discovery is vacated.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss or in the Alternative Join Required Parties (Doc. 18) as presented is denied without prejudice.

IT IS FURTHER ORDERED that Defendant file its response to the Complaint by **October 30, 2015**.

Dated this 16th day of October, 2015.

_____
Neil V. Wake
United States District Judge