**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crestwood Capital Corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Andes Industries, Inc.,<br><br>　　　　　　Defendant. | No. CV-15-00600-PHX-NVW<br><br>(Consolidated)<br><br>**ORDER**<br><br>**[Re: No. CV-16-00508-PHX-NVW]** |
| Devon Investment Inc.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Andes Industries, Inc.,<br><br>　　　　　　Defendant. | No. CV-15-00604-PHX-NVW |
| Preston Collection Inc.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Steven Youtsey,<br><br>　　　　　　Defendant. | No. CV-15-00607-PHX-NVW |
| Andes Industries, Inc.; and PCT International, Inc.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>EZconn Corporation; and eGtran Corporation,<br><br>　　　　　　Defendants. | No. CV-15-01810-PHX-NVW |

| | |
|---|---|
| Andes Industries, Inc.; and PCT International, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Cheng-Sun Lan; Kun-Te Yang; Chi-Jen Dennis) Lan; Polar Star Management Ltd., <br><br> Defendants. | No. CV-15-02549-PHX-NVW |
| EZConn Corporation, <br><br> Plaintiff, <br><br> v. <br><br> PCT International, Inc., <br><br> Defendant. | No. CV-16-00508-PHX-NVW |

Before the Court is EZconn Corporation's Rule 12(f) Motion to Strike Insufficient Defenses and Redundant, Immaterial, and Impertinent Matter (Doc. 91).

**I.   LEGAL STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure permits the striking from a pleading of "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion under Rule 12(f) seeks to avoid the expenditure of time and money arising from litigating spurious issues by dispensing with them before trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517, 114 S. Ct. 1023 (1994); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  An affirmative defense is sufficiently pled if it gives plaintiff fair notice of the defense.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010).

## II. BACKGROUND

EZconn Corporation's Complaint against PCT International, Inc., consists of 38 paragraphs and alleges one claim for breach of contract. (Doc. 1, CV-16-00508.) It alleges that over the course of 18 months in 2012 and 2013, PCT International ordered and received more than $6.6 million worth of product from EZconn that PCT International did not pay for. The Complaint identifies 146 invoices by number and shipped date, which allegedly remain outstanding and unpaid, and PCT International admits that, "to the best of its knowledge, the invoices listed correspond to products that EZconn manufactured for, and supplied to, PCT." EZconn seeks an award in the amount of the unpaid invoices, pre- and post-judgment interest, attorneys' fees, expenses, and costs.

Defendants' Answer and Affirmative Defenses responds to the 24 paragraphs of EZconn's Complaint, alleges 67 paragraphs of "Facts Pertaining to Affirmative Defenses," summarily identifies five affirmative defenses, and states that PCT International "reserves all rights to assert additional affirmative defenses." (Doc. 83.) It does not identify which of the 67 paragraphs of factual allegations, if any, support each of the five affirmative defenses.

EZconn moves to strike each of PCT International's five affirmative defenses, its reservation of rights to assert additional affirmative defenses, and each of the 67 paragraphs of PCT International's "Facts Pertaining to Affirmative Defenses."

## III. ANALYSIS

PCT International's 67 paragraphs of "Facts Pertaining to Affirmative Defenses" and conclusory identification of affirmative defenses do not provide EZconn with fair notice of PCT International's defenses. Responsibility for supporting each affirmative defense with factual allegations belongs to PCT International, not EZconn or the Court. PCT International cannot expect others to guess which of 67 paragraphs of allegations may support any affirmative defense. On that basis alone, all of PCT International's

affirmative defenses and factual allegations would be stricken with leave to amend. However, as set forth below, each of the affirmative defenses is insufficient or redundant and is not subject to cure by amendment.

### A.  "Set Off"

Under the heading "First Affirmative Defense (Set Off)," PCT International alleges, "Any claim by EZconn for damages is limited and/or barred, in whole or in part, because those damages are subject to set off." (Doc. 83 at 21.) "A counterclaim or setoff is a cause of action in favor of the defendant on which he might have brought a separate action against the plaintiff and recovered a judgment. . . . If one is not entitled to relief in a direct action, one is not entitled to assert a setoff or counterclaim." *W. J. Kroeger Co. v. Travelers Indem. Co.*, 112 Ariz. 285, 287, 541 P.2d 385, 387 (1975).

PCT International contends that its set-off defense is based on the causes of action it pled against EZconn in its Complaint (Doc. 1, CV-15-01810) and Proposed Amended Complaint (Doc. 72, CV-15-00600).  Because PCT International's claims were the subject of a pending action when EZconn commenced this action to recover payment for the 146 invoices, PCT International is not required to plead a counterclaim against EZconn for the same causes of action. Fed. R. Civ. P. 13(a). Nor is it required to plead them again as an affirmative defense. At most, the set-off duplicates claims already pled by the parties in this consolidated litigation and is entirely duplicative in this pleading. It will be stricken here as redundant.

### B.  Unclean Hands

Under the heading "Second Affirmative Defense (Unclean Hands)," PCT International alleges, "EZconn's claim is barred, in whole or in part, due to the doctrine of unclean hands." (Doc. 83 at 21.) "One who seeks equity must do equity." *Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Ass'n*, 95 Ariz. 98, 100, 387 P.2d 801, 802 (1963); *accord Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Turner*, 196 Ariz. 631, 637, 2 P.3d 1276, 1282 (Ct. App. 2000). The doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the

matter in which he seeks relief." *Precision Instrument Mfg. Co. v. Auto. Main. Mach. Co.,* 324 U.S. 806, 814, 65 S. Ct. 993 (1945). Here, EZconn's Complaint does not seek equity. It alleges only a claim for breach of contract for which an equitable defense is not applicable.

Moreover, the doctrine applies only if the plaintiff's conduct is related to the transaction that is the basis of the plaintiff's complaint and is inequitable or unconscionable toward the defendant in that transaction. *Smith v. Neely*, 93 Ariz. 291, 293, 380 P.2d 148, 149 (1963). EZconn's Complaint alleges 146 transactions with PCT International for which it was not paid. Even if the doctrine of unclean hands would provide PCT International a defense, it would be limited to any inequitable or unconscionable conduct by EZconn related to specific transactions. PCT International does not give fair notice regarding EZconn's allegedly inequitable conduct in those transactions.

### C. Failure to State a Claim

Under the heading "Third Affirmative Defense (Failure to State a Claim)," PCT International alleges, "EZconn's claim is barred, in whole or in part, due to EZconn's failure to state a claim upon which relief can be granted." (Doc. 83 at 21.)

"In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). In addition, a party must "affirmatively state any avoidance or affirmative defenses." Fed. R. Civ. P. 8(c). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Failure to state a claim upon which relief can be granted is a defense that may be raised in an Answer, by a motion for judgment on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2). But it is not an affirmative defense and does not need to be pled as such.

Though there is no harm in pleading failure to state a claim, EZconn's challenge to that allegation puts in play whether the Complaint does state a claim for breach of

contract. PCT International is entirely silent about what is defective in EZconn's breach of contract pleadings. Those pleadings are plainly sufficient, and PCT International's denial of it is itself insufficient as a matter of law. The allegation of failure to state a claim will be stricken.

### D.  Equitable Defenses

Under the heading "Fourth Affirmative Defense (Equitable Defenses)," PCT International alleges, "EZconn's claim is barred, in whole or in part, due to the doctrine of estoppel, waiver, laches, and/or other equitable doctrines." (Doc. 83 at 21.) In addition to this assertion being wholly insufficient to provide fair notice—or really any notice at all—equitable defenses do not apply to a contract claim.

### E.  Duplicative Recovery

In its opposition to the motion to strike, PCT International withdrew its duplicative recovery affirmative defense. (Doc. 94 at 11.)

### F.  Additional Defenses

PCT International's reservation of "all rights to assert additional affirmative defenses under the Federal Rules of Civil Procedure and any other defenses at law or in equity that may exist now or that may become available in the future" has no legal significance. If PCT International seeks leave to assert additional affirmative defenses, the request will be considered under applicable federal rules and law.

### G.  "Facts Pertaining to Affirmative Defenses"

Because all of the affirmative defenses pled by PCT International will be stricken as insufficient or redundant, the "Facts Pertaining to Affirmative Defenses" are immaterial. They will be stricken.

IT IS THEREFORE ORDERED that EZconn Corporation's Rule 12(f) Motion to Strike Insufficient Defenses and Redundant, Immaterial, and Impertinent Matter (Doc. 91) is granted.

IT IS FURTHER ORDERED that Defendant PCT International, Inc.'s Affirmative Defenses and Facts Pertaining to Affirmative Defenses (Doc. 83 at 6–21) are stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Dated this 22nd day of June, 2016.

_____
Neil V. Wake
United States District Judge