**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crestwood Capital Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Andes Industries, Inc.,<br><br>　　　　　Defendant. | No. CV-15-00600-PHX-NVW<br><br>(Consolidated)<br><br>**ORDER**<br><br>**[Re: Nos. CV-16-00600, CV-15-00604, CV-15-00607]** |
| Devon Investment Inc.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Andes Industries, Inc.,<br><br>　　　　　Defendant. | No. CV-15-00604-PHX-NVW |
| Preston Collection Inc.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Steven Youtsey,<br><br>　　　　　Defendant. | No. CV-15-00607-PHX-NVW |
| Andes Industries, Inc.; and PCT International, Inc.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>EZconn Corporation; and eGtran Corporation,<br><br>　　　　　Defendants. | No. CV-15-01810-PHX-NVW |

| | |
|---|---|
| Andes Industries, Inc.; and PCT International, Inc., | No. CV-15-02549-PHX-NVW |
| Plaintiffs, | |
| v. | |
| Cheng-Sun Lan; Kun-Te Yang; Chi-Jen (Dennis) Lan; Polar Star Management Ltd., | |
| Defendants. | |

Before the Court is Crestwood Capital Corporation's, Devon Investment Inc.'s, and Preston Collection Inc.'s Motion for Summary Judgment (Doc. 122 (redacted), 126 (sealed)).

## I. LEGAL STANDARD

Summary judgment is proper if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must produce evidence and show there is no genuine issue of material fact. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The party seeking summary judgment bears the initial burden of identifying the basis for its motion and those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has carried its burden, the nonmoving party must produce evidence to support its claim or defense by more than simply showing "there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To defeat a motion for summary judgment, the nonmoving party must show that there are genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A material fact is one that might affect the outcome of the suit under the governing law. *Id.* at 248. A factual issue

is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

On summary judgment, the nonmoving party's evidence is presumed true, and all inferences from the evidence are drawn in the light most favorable to the nonmoving party. *Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987); *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001). But it is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The evidence presented by the parties must be admissible. LRCiv 56.1(a), (b); *see* Fed. R. Civ. P. 56(e). Conclusory and speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. 56(e)(2).

The Local Rules require that any party filing a motion for summary judgment file a statement, separate from the motion and memorandum of law, that sets forth each material fact on which the party relies in support of the motion. LRCiv. 56.1(a). Any party opposing a motion for summary judgment must file a separate controverting statement of facts that sets forth:

> (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

LRCiv 56.1(b). The Court does not consider any part of a controverting statement of facts or additional facts that does not refer to a specific admissible portion of the record that supports the party's position.

## II. UNDISPUTED MATERIAL FACTS

Six related actions were consolidated in this case. The motion before the Court involves three of those actions in which a promise to repay loans was memorialized in a written document and the right to enforce each document was assigned to a wholly owned entity of the assignor for collection. Case No. CV-15-00604 is an action by Devon Investment Inc. to enforce a promissory note dated March 11, 2009, in which Andes promised to pay Dennis Lan the principal sum of $4,700,507.00, plus interest. Case No. CV-15-00600 is an action by Crestwood Capital Corporation to enforce a promissory note dated December 20, 2009, in which Andes promised to pay Cheng-Sun Lan the principal sum of $3,000,000.00, plus interest. Case No. CV-15-00607 is an action by Preston Collection Inc. to enforce a document dated December 29, 2009, and signed by Steven Youtsey on March 8, 2010, acknowledging a personal obligation to pay Kun-Te Yang $1,142,500.00.

Andes Industries, Inc., is a corporation organized and existing under the laws of Nevada with a principal place of business in Mesa, Arizona. PCT International, Inc. is a wholly owned operating subsidiary of Andes. Steven Youtsey is a resident of Arizona and the founder, president, and CEO of Andes.

### A. Case No. CV-15-00604

By a promissory note dated March 11, 2009 ("March 2009 Note"), Andes promised to pay Dennis Lan the principal sum of $4,700,507.00, with interest. Youtsey executed the March 2009 Note on behalf of, and with the authorization of, Andes. The March 2009 Note provides that Andes' promise to pay Dennis Lan was "for value received." The purpose of the note was to document a series of prior transactions.

The March 2009 Note provides that the note matured and became due and payable on March 11, 2011. It provides that interest accrues at a rate of 6% per annum, recorded monthly. It provides that Andes will pay all costs and expenses, including reasonable attorneys' fees and court costs, incurred in the collection or enforcement of all or any part of the note. It provides that Andes waived formalities in connection with the note,

including but not limited to any requirement of demand or presentment for payment. It provides that the note shall be governed by and construed and enforced in accordance with the laws of the State of Arizona. It provides that the parties waived their rights to a trial by jury "in any court action pertaining to the obligations or the loan documents."

On December 6, 2012, Andes acknowledged that it had made no principal or interest payments toward the March 2009 Note. PCT's business records show that on February 28, 2013, PCT wired $97,005.00 to Cheng-Sun Lan's account. The parties agree that $47,005.00 of the wire transfer paid two months of interest on the March 2009 Note. Andes made no other principal or interest payments toward the March 2009 Note.

The March 2009 Note provides that it inures to the benefit of Dennis Lan's successors and assigns as permitted by the parties' contemporaneous Security Agreement. Youtsey signed the Security Agreement on behalf of, and with the authority of, Andes. Andes agreed that the Security Agreement "shall be binding upon and inure to the benefit of the respective successors and assigns of the parties."

Devon Investment Inc. is incorporated and registered under the Business Companies Act of the British Virgin Islands, with its principal place of business outside of Arizona. Chi-Jen Lan ("Dennis Lan") owns 100% of all equity interests in Devon. The sole director of Devon is Javert LLC.

On March 19, 2015, Dennis Lan transferred to Devon all his rights, title, and interest in and to the March 2009 Note, including all rights to enforce the note and to recover and collect all amounts due thereunder. Although Andes disputed the amount it owes under the March 2009 Note, it did not assert a "payment" defense in its Answer to Devon's Complaint. In its response to Devon's interrogatory asking Andes to state the bases for any belief that it does not owe money pursuant to the March 2009 Note, Andes did not state that the note had been paid off.

**B.    Case No. CV-15-00600**

By a promissory note dated December 20, 2009 ("December 2009 Note"), Andes promised to pay Cheng-Sun Lan the principal sum of $3,000,000.00 with interest as set

forth in the note. Youtsey executed the December 2009 Note on behalf of and with the authorization of Andes. The December 2009 Note provides that it inures to the benefit of Cheng-Sun Lan's assigns. It provides that it shall be governed, construed, and interpreted by, through, and under the laws of the State of Arizona.

The term of the December 2009 Note was 90 days. The December 2009 Note provides that interest accrues at 12% "per annual plus $45,000 bonus interest." It states:

> PAYMENT TERMS. This Note is due and payable as follows, to-wit: normal interest plus bonus interest payments of $45,000 (forty five thousand) and principal amount of three million shall be due in full on March 20th, 2010 for a total payment of $3,135,000 (three million one hundred and thirty-five thousand dollars). If each payment is not paid on time, the remaining balance will be subject to the maximum amount of interest permitted by the Laws of the State of Arizona.
>
> . . . .
>
> INTEREST ON PAST DUE INSTALLMENTS AND CHARGES. All past due installments of principal and/or interest and/or all other past-due incurred charges shall bear interest after maturity at the maximum amount of interest permitted by the Laws of the State of Arizona until paid. . . . Payee's forbearance in enforcing a right or remedy as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrower's obligations herein.

The December 2009 Note provides that Andes waived demands for payment, presentation for payment, notices of intentions to accelerate maturity, and notices of acceleration of maturity. It provides that if the note is given to an attorney for collection or enforcement, or if it is collected or enforced through a probate, bankruptcy, or other judicial proceeding, Andes shall pay the Payee all costs of collection and enforcement, including reasonable attorneys' fees and costs.

On or about December 6, 2012, Cheng-Sun Lan and Andes agreed that Andes had paid $463,094.00 in interest toward the December 2009 Note and that interest accrued on unpaid principal at the annual rate of 10%. On April 24, 2013, Andes paid $500,000.00 toward the December 2009 Note principal, reducing the unpaid principal to $2,500,000.00. PCT's business records show that on February 28, 2013, PCT wired

$97,005.00 to Cheng-Sun Lan's account. The parties agree that $50,000.00 of the wire transfer paid two months of interest on the December 2009 Note.

Although Andes disputes the amount it owes under the December 2009 Note, it did not assert a "payment" defense in its Answer to Crestwood's Complaint. In its response to an interrogatory regarding the bases for any belief that it does not owe money pursuant to the December 2009 Note, Andes did not state that the Note had been paid off.

Crestwood Capital Corporation is incorporated and registered under the Business Companies Act of the British Virgin Islands, with its principal place of business outside of Arizona. Cheng-Sun Lan owns 100% of all equity interests in Crestwood. The sole director of Crestwood is Javert LLC. Ron Hofer is the Manager of Javert LLC.

On April 1, 2015, Cheng-Sun Lan transferred to Crestwood all his rights, title, and interest in and to the December 2009 Note, including all rights to enforce the note and to recover and collect all amounts due thereunder.

### C. Case No. CV-15-00607

On March 8, 2010, Youtsey signed a document formatted like a spreadsheet and dated December 29, 2009 ("December 2009 Spreadsheet"), which lists two groups of loans. Under the heading "Youtsey Personal Loan," one column is labeled "KungTeYang Paid" and lists amounts loaned by Yang. Another column is labeled "Steve (personal) loan from KungTeYang" and identifies the portion of the loan amount that is Youtsey's personal obligation. Most of the entries show that half of the amount Kun-Te Yang paid (loaned) constituted a personal loan to Youtsey. It shows a total of $2,142,500.00 in Youtsey's obligations, "payback" (credit) in the amount of $1,000,000.00 in transferred stock, and a balance of $1,142,500.00. Under the heading "Andes Industries Loan," the December 2009 Spreadsheet lists two loans from "Lan"[1] to Andes with a balance of $4,697.917.

---

[1] The document does not indicate whether "Lan" refers to Cheng-Sun Lan or Dennis Lan.

Under penalty of perjury, Youtsey declares that he was involved in the discussions regarding and preparation of the December 2009 Spreadsheet. He does not recall signing the December 2009 Spreadsheet, but states that he may have done so.[2] He does not know what his signature on the December 2009 Spreadsheet means. He declares that the purpose of the Spreadsheet was not to memorialize any indebtedness he owed to Yang or any other party. Youtsey believes that he never had a personal obligation to pay any of the debts described in the December 2009 Spreadsheet. Regarding the December 2009 Spreadsheet, Youtsey states, "I have never personally borrowed funds from Mr. Yang as alleged." He further states, "I never personally borrowed money from anyone or received any funds in my personal capacity in connection with the Spreadsheet or any other promissory note involved in the Lawsuit."

Youtsey's blanket assertions in his declaration are contradicted by one of the attachments to the declaration, the Loan Repayment and Stock Purchase Agreement between Youtsey and Yang, effective August 31, 2008, and signed on March 16, 2010. The 2008 Agreement states that Yang loaned $1,000,000.00 to Youtsey, Youtsey has agreed to pay Yang $1,100,000.00 as repayment of the loan in full, and Yang has agreed to accept this amount as payment in full. It further states that in connection with repayment of the loan, Yang has agreed to purchase 1,100,000 shares of Youtsey's common stock in Andes for a total purchase price of $1,100,000.00. The December 2009 Spreadsheet indicates a credit of $1,000,000.00 was applied to the balance owed on the Youtsey Personal Loan for the transfer of 1.1 million shares of common stock on December 18, 2008. Youtsey does not claim that the common stock did not belong to him personally or that he transferred stock that he personally owned to repay debt that was not his personal obligation. Further, Youtsey does not claim that he made any additional loan repayments to Yang for principal or interest on the amount due on the December 2009 Spreadsheet under the heading "Youtsey Personal Loan."

---

[2] In his Answer to Preston's Complaint, Youtsey admitted that he signed the December 2009 Spreadsheet.

- 8 -

Preston Collection Inc. is incorporated and registered under the Business Companies Act of the British Virgin Islands, with its principal place of business outside of Arizona. Yang owns 100% of all equity interests in Preston. The sole director of Preston is Javert LLC.

On March 19, 2015, Yang transferred to Preston all his rights, title, and interest in and to the Youtsey Personal Loan, including all rights to enforce the loan and to recover and collect all amounts due thereunder. In his Answer to Preston's Complaint, Youtsey identified an affirmative defense of "repayment," but did not allege any facts to support this defense. In response to Preston's interrogatory that asked Youtsey to state the bases for any belief that he does not owe money pursuant to the Youtsey Personal Loan, whether due to partial or full repayment or any other reason, Youtsey did not state that all or any portion of the loan had been paid off.

## III. ANALYSIS

### A. The March 2009 Note and the December 2009 Note

Andes admits that it entered into the March 2009 Note with Dennis Lan for the principal sum of $4,700,507.00, with interest accruing at the annual rate of 6%. The March 2009 Note was due on March 11, 2011. No payments were made on the principal amount. On February 28, 2013, a payment of $47,005.00 was made for two months of interest. Dennis Lan transferred to Devon all his rights, title, and interest in and to the March 2009 Note, including all rights to enforce the note and to recover and collect all amounts due thereunder.

Andes admits that it entered into the December 2009 Note with Cheng-Sun Lan in the principal sum of $3,000,000.00, with interest accruing on the unpaid principal at the annual rate of 10%. As of December 6, 2012, Andes had paid $463,094.00 in interest toward the December 2009 Note. On February 28, 2013, a payment of $50,000.00 was made for two months of interest. On April 24, 2013, Andes paid $500,000.00 toward the December 2009 Note principal, reducing the unpaid principal to $2,500,000. Andes made no further principal or interest payments on the December 2009 Note. Cheng-Sun

Lan transferred to Crestwood all his rights, title, and interest in and to the December 2009 Note, including all rights to enforce the note and to recover and collect all amounts due thereunder.

In its Answers to Devon's and Crestwood's Complaints, Andes asserted the following affirmative defenses: failure to join a required party, set off, real party of interest, unclean hands, failure to state a claim, equitable defenses, and assignment is void. In response to the Motion for Summary Judgment, Andes abandoned all of its pled affirmative defenses except set off and what could be considered a variation of real party of interest. Now Andes contends that EZconn is the holder of the Notes and claims fraud in the inducement and excuse of performance. By failing to plead fraud in the inducement and excuse of performance as affirmative defenses, Andes waived them. *See* Fed. R. Civ. P. 8(c). Moreover, Andes did not disclose either fraud in the inducement or excuse of performance in discovery.

Andes wants to set off any damages it may obtain from claims against EZconn[3] against amounts it owes to Dennis Lan and Cheng-Sun Lan on the Notes. First, it contends that it is entitled to assert any defenses against Devon and Crestwood that it would be entitled to assert if they were enforcing a right to payment under a simple contract rather than as assignees of the contract. *See* A.R.S. § 47-3305(A)(2). That is, Andes can assert against Devon and Crestwood any defenses it has against Dennis Lan and Cheng-Sun Lan. But it does not have any claims against Dennis Lan or Cheng-Sun Lan that could be used to offset the Notes, and it has not pled any defenses against Dennis Lan or Cheng-Sun Lan. Consequently, Andes asserts it can be inferred that EZconn might have been a holder of or party to the March 2009 and December 2009 Notes because PCT did not know when it was dealing with Cheng-Sun Lan personally or with EZconn, payments were wired to a personal account belonging to Cheng-Sun Lan,

---

[3] Andes does not have any claims against EZconn remaining in the actions consolidated under Case No. CV-15-00600. Only PCT's contract claims against EZconn remain.

- 10 -

and Cheng-Sun Lan could have been acting on behalf of EZconn as its employee. However, Andes never pled or disclosed this theory—in fact, in its Answer to Crestwood's Complaint, Andes alleged that EZconn's actions were directed and controlled by Cheng-Sun Lan, not the opposite. Further, Andes did not submit any evidence that it promised to pay EZconn the amounts due under either or both Notes.

Therefore, Devon is entitled to enforce and collect under the March 2009 Note. Pre- and post-judgment interest will be awarded at the contractual annual rate of 6%.

Crestwood is entitled to enforce and collect under the December 2009 Note. Pre-judgment interest on unpaid principal will be awarded at the Arizona statutory annual rate of 10%. Post-judgment interest will be awarded at the federal interest rate.

**B.     The December 2009 Spreadsheet**

Youtsey admits that on March 8, 2010, he signed the December 2009 Spreadsheet that identifies the "Youtsey Personal Loan" as the total of a series of loans from Yang to Youtsey with a balance due of $1,142,500.00. Whether Youtsey believed that he was not personally obligated is irrelevant—the writing that he signed plainly communicated to Yang that Youtsey was undertaking a personal obligation. Youtsey has not repaid any of the $1,142,500.00 balance. Yang transferred to Preston all his rights, title, and interest in and to the Youtsey Personal Loan, including all rights to enforce the loan and to recover and collect all amounts due thereunder.

In his Answer to Preston's Complaint, Youtsey asserted the following affirmative defenses:  failure to join a required party, set off, real party of interest, unclean hands, failure to state a claim, equitable defenses, assignment is void, and repayment. Among Youtsey's 46 paragraphs of "facts pertaining to affirmative defenses," there are no allegations to support an affirmative defense of repayment.

Now Youtsey contends that actions on the obligations described in the December 2009 Spreadsheet are time-barred. An action for debt evidenced by a written contract has a six-year limitation period. A.R.S. § 12-548(A). The limitations bar is avoided if the party to be charged acknowledges the debt by a signed writing. A.R.S. § 12-508.

> For an acknowledgment of an indebtedness to effectively remove the bar of the limitation's period the acknowledgment must be in writing; it must be signed by the party to be charged; it must sufficiently identify the obligation referred to, though it need not specify the exact amount or nature of the debt; it must contain a promise, express or implied, to pay the indebtedness; and it must contain, directly or impliedly an expression by the debtor of the 'justness' of the debt. 'Justness,' as used here, refers to the moral obligation which the debtor feels rests upon himself to repay the original obligation. The 'justness' of a debt may be express or it may be implied from the words used in acknowledging the debt.

*Freeman v. Wilson*, 107 Ariz. 271, 275-76, 485 P.2d 1161, 1165-66 (1971). Youtsey's signature on the December 2009 Spreadsheet acknowledges his personal obligation to Yang effective March 8, 2010. The December 2009 Spreadsheet is written, signed by the party to be charged, identifying the obligation specifically, and naming the obligation "Youtsey's Personal Loan." Youtsey's signature on a document stating that he personally owes $1,142,500.00 implies an expression of the "justness" of the debt. Therefore, regardless of the dates of loans consolidated in the balance of $1,142,500.00, the limitations period for the December 2009 Spreadsheet began on March 8, 2010. Preston filed its complaint on April 3, 2015.

Therefore, Preston is entitled to enforce Youtsey's obligation to pay $1,142,500.00, which he acknowledged on March 8, 2010, by signing the December 2009 Spreadsheet. Pre-judgment interest will be awarded at the Arizona statutory annual rate of 10%. Post-judgment interest will be awarded at the federal interest rate.

**IV.    EVIDENTIARY OBJECTIONS**

Andes and Youtsey object to the Hofer Declaration for lack of personal knowledge about events before Crestwood, Devon, and Preston were formed, particularly regarding payments Andes and Youtsey did or did not make. Fed. R. Civ. P. 56(c)(4). The objection is sustained, and the Court has considered the Hofer Declaration only regarding the formation of Crestwood, Devon, and Preston and the assignments of the March 2009 Note, the December 2009 Note, and the December 2009 Spreadsheet. The authenticity of the documents and the amount of payments made are not disputed.

Youtsey also objects to the authenticity and admissibility of the December 2009 Spreadsheet. However, his Declaration states that he "was involved in the discussions regarding and the preparation of the Spreadsheet," his Answer admits that he signed the December 2009 Spreadsheet, and he has never claimed the document attached to Preston's Complaint was not a true copy of the December 2009 Spreadsheet. Therefore, Youtsey's objection is overruled.

Crestwood, Devon, and Preston objected to the Affidavit of Angie Rodrigue for failing to disclose Rodrigue as a witness as required by Rule 26(a)(1). The affidavit states that PCT's business records show that on February 28, 2013, a wire transfer in the amount of $97,005.00 was made to pay two months of interest on the March 2009 Note and the December 2009 Note. At oral argument, counsel for Crestwood, Devon, and Preston essentially withdrew their objection to Rodrigue's testimony. Making independent calculations, counsel concluded that the $97,005.00 transfer was the equivalent of the sum of two months of interest on the March 2009 Note ($47,005.00) and the December 2009 Note ($50,000.00). Therefore, Crestwood and Devon reduced their demand for payment accordingly.

Crestwood's, Devon's, and Preston's additional evidentiary objections are overruled. To the extent that Crestwood, Preston, and Devon contend the probative value of Andes and Youtsey's proffered evidence is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time, the danger is non-existent because the evidence will not be presented to a jury. The remaining grounds for objection, *e.g.*, lack of foundation, authentication, and inadmissible hearsay, are moot because the motion for summary judgment will be granted without excluding any of Andes' and Youtsey's exhibits.

IT IS THEREFORE ORDERED that Crestwood Capital Corporation's, Devon Investment Inc.'s, and Preston Collection Inc.'s Motion for Summary Judgment (Doc. 122 (redacted), 126 (sealed)) is granted.

IT IS FURTHER ORDERED that Crestwood Capital Corporation, Devon Investment Inc., and Preston Collection Inc. by **September 15, 2017**, lodge proposed forms of judgment with supporting memoranda that show how interest was calculated.

IT IS FURTHER ORDERED that after judgment is entered, Crestwood Capital Corporation, Devon Investment Inc., and Preston Collection Inc. may each file a bill of costs and apply for attorneys' fees and expenses pursuant to LRCiv 54.1, LRCiv 54.2, and Rule 54(d) of the Federal Rules of Civil Procedure within the time therein provided.

Dated this 5th day of September, 2017.

_____
Neil V. Wake
Senior United States District Judge