**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crestwood Capital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Andes Industries, Inc.,<br><br>Defendant. | No. CV-15-00600-PHX-NVW<br><br>**ORDER** |

Before the Court is Crestwood Capital Corporation's Motion for an Award of Attorneys' Fees and Non-Taxable Costs (Doc. 330).

## I. BACKGROUND

This case arises out of a promissory note dated December 20, 2009 ("December 2009 Note") by which Andes Industries, Inc., promised to pay Cheng-Sun Lan the principal sum of $3,000,000.00 with interest. The December 2009 Note provides that it shall be governed by the laws of the State of Arizona. Andes made partial payments on the December 2009 Note. On April 1, 2015, Cheng-Sun Lan transferred to Crestwood Capital Corporation all of his rights, title, and interest in and to the December 2009 Note, including all rights to enforce the note and to recover and collect all amounts due thereunder.

On April 3, 2015, Crestwood sued Andes for breach of contract to recover and collect all amounts due under or arising from enforcement of the December 2009 Note. On September 5, 2017, the Court granted summary judgment in Crestwood's favor. On

1   October 4, 2017, judgment was entered in favor of Crestwood and against Andes in the

2   amount of:  (1) the principal amount of $2,500,000.00, plus (2) pre-judgment interest to

3   October 4, 2017, in the amount of $1,663,823.75 at the rate of 10% per annum simple

4   interest, plus (3) post-judgment interest on $4,163,823.75 (the sum of amounts (1) and

5   (2)) at the rate of 10% per annum from the date of entry of judgment (October 4, 2017)

6   until paid.  The October 4, 2017 judgment awarded Crestwood all of the relief it sought.

7        The December 2009 Note includes the following:

8   **ATTORNEY'S FEES.**  If this Note is given to an attorney for collection or
    enforcement, or if suit is brought for collection or enforcement, or if it is
9   collected or enforced through probate, bankruptcy, or other judicial
10  proceeding, then Borrower shall pay Payee all costs of collection and
    enforcement, including reasonable attorney's fees and court costs in
11  addition to other amounts due.

12  (Doc. 1-1 at 4.)   Crestwood seeks award of attorney's fees and related non-taxable

13  expenses as provided by the December 2009 Note and A.R.S. § 12-341.01(A).

14  **II.    LEGAL STANDARD**

15       A.R.S. § 12-341.01(A) provides:   "In any contested action arising out of a

16  contract, express or implied, the court may award the successful party reasonable attorney

17  fees. . . .  This section shall not be construed as altering, prohibiting or restricting present

18  or future contracts or statutes that may provide for attorney fees."  The statute does not

19  apply when the parties have provided in their contract the conditions under which

20  attorney's fees may be recovered if the statute "effectively conflicts with an express

21  contractual provision governing recovery of attorney's fees."  *Am. Power Prods., Inc. v.*

22  *CSK Auto, Inc.*, 242 Ariz. 364, 368, 396 P.3d 600, 604 (2017).  But "rather than being

23  completely supplanted by any attorney fee provision in the parties' contract, the statute—

24  consistent with its plain language—applies to 'any contested action arising out of

25  contract' to the extent it does not conflict with the contract."  *Id.*  To the extent that

26  § 12-341.01(A) does not conflict with the parties' contract, it is incorporated into the

27  contract. *Id.*

28

Although an award of reasonable attorney fees is discretionary under § 12-341.01(A), it is mandatory under the December 2009 Note. To determine reasonable attorney's fees in commercial litigation, courts begin by determining the actual billing rate that the lawyer charged in the particular matter. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187, 673 P.2d 927, 931 (Ct. App. 1983). "In corporate and commercial litigation between fee-paying clients, . . . the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Id.* at 187-88, 673 P.2d at 931-32. However, in determining reasonable rates, courts are not bound by the parties' agreements. *Id.* at 188, 673 P.2d at 932.

## III. ANALYSIS

### A. Reasonable Attorney Fees

Crestwood entered into engagement agreements with its counsel through which it agreed to pay 70% of counsel's standard hourly rates upon receipt of monthly invoices and to pay all out-of-pocket costs and expenses. Crestwood agreed to pay a contingent fee consisting of the remaining 30% of counsel's standard hourly rates if Crestwood's claim was resolved, plus 20% of the net amount recovered as a result of resolution of Crestwood's claim. Andes does not dispute that Crestwood is eligible for and entitled to award of reasonable attorney fees. Andes does not contend that the requested hourly rates or hours expended are unreasonable. Andes objects to the amount requested based on 20% of the net amount of recovery because it results in an hourly rate much greater than Crestwood's counsel's standard hourly rates.

Under the Arizona Supreme Court's Rules of Professional Conduct, factors to be considered in determining the reasonableness of an attorney fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) the degree of risk assumed by the lawyer.

A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 1.5.  In addition, Local Rules require consideration of whether the fee contracted between the attorney and the client is fixed or contingent, the "undesirability" of the case, and awards in similar actions. LRCiv 54.2(c).    All of these factors weigh in favor of awarding Crestwood reimbursement of its attorney fees billed at usual rates, but they do not justify an additional award of 20% of the judgment obtained.

Crestwood's counsel billed Crestwood at 70% of usual rates for a total of 317.6 hours from March 19, 2015, through October 18, 2017, which totaled $114,991.15. Under its engagement agreements, Crestwood must also pay contingent hourly fees at 30% of the usual rates for those hours, which is $49,281.92.  Thus, the total amount of attorney fees incurred through October 18, 2017, at the usual rates is $164,273.07.  Andes does not contend that either the usual hourly rates or the number of hours expended is unreasonable.  In its reply brief, Crestwood seeks an additional $2,490.10 for post-judgment discovery and preparing the reply brief at 70% of the usual rates.  Therefore, an award of $167,213.17 based on a reasonable number of hours charged at reasonable rates is justified.

Crestwood also seeks reimbursement for the contingency fee of 20% of the net amount recovered that it agreed to pay its counsel, which Crestwood calculates to be $797,683.34.    Crestwood's engagement agreements define "net recovery" as "gross recovery" minus fees actually paid based on hourly rates and costs and expenses actually paid.  They define "gross recovery" as "anything of value obtained or received directly or indirectly by [Crestwood] from any of the Claims," including money, reduction of debt, etc.  Although Crestwood obtained a judgment of more than $4 million against Andes, Crestwood does not assert that it has received anything of value yet from Andes to satisfy

- 4 -

1    the judgment. Therefore, an award of attorney fees based on any amount Crestwood

2    hopes to recover from Andes would be speculative.

3    Moreover, an additional contingency fee of nearly $800,000 may be reasonable for

4    Crestwood to pay its counsel because EZconn and eGtran spent hundreds of thousands of

5    dollars to defeat Andes' claims in other cases, which negated purported offsets to

6    Crestwood's claim, and because Crestwood's counsel risked receiving fees based on rates

7    discounted by 30%. But neither reason justifies shifting the additional contingency fee to

8    Andes. Therefore, Crestwood will be awarded attorney fees based on its counsel's usual

9    hourly rates.

10   **B.      Non-Taxable Expenses**

11   Crestwood seeks award of $11,133.09 for related non-taxable costs. Andes

12   objects to non-taxable costs that are not recoverable under A.R.S. § 12-341.01, such as

13   copy and travel expenses. But Crestwood does not seek reimbursement of costs under

14   § 12-341.01. Crestwood seeks recovery of costs based on the December 2009 Note,

15   which requires Andes to pay "all costs of collection and enforcement." *See Ahwatukee*

16   *Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 404, 973 P.2d 106, 109 (1999)

17   (trial court did not abuse its discretion by awarding non-taxable costs under the terms of

18   the parties' contract). Andes has not identified any costs for which Crestwood seeks

19   reimbursement that are unreasonable or unrelated to collection and enforcement of the

20   December 2009 Note. Therefore, Crestwood will be awarded the full amount of non-

21   taxable costs it requests.

22   IT IS THEREFORE ORDERED that Crestwood Capital Corporation's Motion for

23   an Award of Attorneys' Fees and Non-Taxable Costs (Doc. 330) is granted.

24   IT IS FURTHER ORDERED directing the Clerk to enter judgment in favor of

25   Plaintiff Crestwood Capital Corporation and against Defendant Andes Industries, Inc., in

26   / / /

27   / / /

28   / / /

the amount of $167,213.17 for attorney fees and $11,133.09 for non-taxable costs, plus post-judgment interest at the federal rate of 1.78% from the date of this judgment until paid.

Dated this 3rd day of January, 2018.

_____

Neil V. Wake
Senior United States District Judge